22-6468(L)
*Lopez v. Garland*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

SILVIO ALEXANDER ANGEL LOPEZ,
> *Petitioner*,

v.

MERRICK B. GARLAND, United States
Attorney General,
> *Respondent*.

_____

Nos. 22-6468(L),
23-7467(Con)

**For Petitioner:** Steven A. Mundie, Mundie Law Firm PC, Jamaica, NY.

**For Respondent:**  Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Keith I. McManus, Assistant Director, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Silvio Alexander Angel Lopez, a native and citizen of Guatemala, seeks review of (1) an August 29, 2022 decision of the BIA affirming the decision of an Immigration Judge ("IJ") as to Lopez's request for cancellation of removal, and (2) a September 22, 2023 decision of the BIA denying Lopez's motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) (alterations accepted and internal quotation marks omitted). However, the Supreme Court has made clear that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings . . . enumerated in § 1252(a)(2)(B)(i)," which

2

includes cancellation of removal proceedings. *Patel v. Garland*, 596 U.S. 328, 347 (2022). Our jurisdiction to review the agency's denial of cancellation of removal and a motion to reopen for reconsideration is thus limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *see also Juras v. Garland*, 21 F.4th 53, 61 (2d Cir. 2021) ("Because we cannot, on a petition for review of a motion to reopen, exercise jurisdiction over that which we would not have had jurisdiction to review on direct appeal, we lack jurisdiction to review [Petitioner's] motion to reopen." (citations and internal quotation marks omitted)). We review constitutional claims and questions of law *de novo*. *See Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

## I. Cancellation of Removal

On appeal, Lopez argues that the IJ improperly relied on *In re Andazola-Rivas*, 23 I. & N. Dec. 319 (BIA 2002) when determining that his daughter Ruby would not experience "exceptional and extremely unusual hardship" if Lopez were removed to Guatemala. Lopez Br. at 15. According to Lopez, *Andazola-Rivas* is distinguishable from the facts of his case because it "stands for the proposition that [deprivation] of all schooling or of an opportunity to obtain an education for a *neurotypical* child *without development delays* will not by itself constitute an exceptional and unusual hardship." Lopez Br. at 16 (emphasis

3

added). Because Ruby, unlike the child in *Andazola-Rivas*, suffers from developmental delays, Lopez contends that the IJ's decision to deny him cancellation of removal constituted reversible legal error.

But the fact that the child in *Andazola-Rivas* did not suffer from developmental delays is beside the point. Lopez bears the burden of showing that his removal would result in "exceptional and extremely unusual hardship" to his spouse, parent, or child, who is a citizen of the United States. 8 U.S.C. § 1229b(b)(1)(D); *see also In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 n.6 (BIA 2001). Merely showing "[a] lower standard of living or adverse country conditions in the country of return," such as diminished opportunities in education, is generally "insufficient . . . to support a finding of exceptional and extremely unusual hardship." *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64.

Here, Lopez has not demonstrated that Ruby would experience such exceptional and extremely unusual hardship if she were to move with him to Guatemala upon his removal. Indeed, he failed to provide any evidence to suggest that Ruby "would be deprived of all schooling or of an opportunity to obtain any education" in Guatemala. *In re Andazola-Rivas*, 23 I. & N. Dec. at 323 & n.1. And while it is true that Lopez did submit *some* evidence reflecting that the general standard of living in Guatemala is lower than that in the United States,

4

such evidence alone will not satisfy his burden of proof to obtain cancellation of removal relief. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 65.

In fact, the IJ identified several factors indicating that Ruby would *not* experience exceptional and extremely unusual hardship were she to move to Guatemala with Lopez upon his removal. For starters, the IJ observed that Ruby is young and "more fluent in Spanish than English," which the IJ noted would "assist her in transitioning to school in Guatemala." Certified Admin. Record at 151. The IJ also considered that Ruby's mother, a Guatemalan citizen, would return to Guatemala with Lopez and Ruby, and that Ruby's grandparents and extended family still reside in Guatemala and could "aid the family as they transition to life [there]." *Id.* Based on this record, we cannot say that the agency committed legal error in concluding that Lopez failed to demonstrate the kind of exceptional and extremely unusual hardship required to justify cancellation of removal. The agency therefore did not err in relying on *Andazola-Rivas* in denying Lopez's request.

## II. Motion to Reopen

Lopez also argues that the BIA abused its discretion by denying his motion to reopen and remand to consider new evidence. Specifically, he insists that the BIA wholly ignored his proffered evidence – Ruby's 2022 Individualized

Educational Program and an unpublished BIA decision – and simply repeated "the verbiage of *Matter of Monreal* in [its] cookie cutter decision." Lopez Br. at 17–18. But the BIA is not required to "expressly parse or refute . . . each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). In fact, we presume that the agency has "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). And, here, the BIA explicitly stated that it "considered the arguments raised in the . . . motion and proffered evidence." Certified Admin. Record at 4.

Moreover, the Supreme Court has made clear that "[m]otions for reopening of immigration proceedings are disfavored," especially "in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992).

Even considering the new evidence provided by Lopez, we are not persuaded that Ruby would suffer "exceptional and extremely unusual hardship" were Lopez to be removed. Nothing in Lopez's proffered evidence establishes that Ruby "would be deprived of all schooling or of an opportunity to obtain any

6

education" in Guatemala. *In re Andazola-Rivas*, 23 I. & N. Dec. at 323 & n.1. The fact that Ruby still receives additional help at her New York public school does not provide any insight as to whether she would be deprived of an education in Guatemala. Besides, the IJ already considered the fact that Ruby has experienced some development delays in school and still determined that she would not experience "exceptional and extremely unusual hardship" if she were to move with Lopez to Guatemala. 8 U.S.C. § 1229b(b)(1)(D); *see* Certified Admin. Record at 157–58.

Lopez further asserts that the BIA ignored *In re Alejandro Hernandez Garcia*, A091-097-894 (BIA Mar. 10, 2011), which is an unpublished opinion concerning an application for a waiver of inadmissibility under section 212(h). But "the BIA['s] fail[ure] to adhere to one of its prior unpublished decisions . . . is of no moment" because, as we have previously explained, "unpublished opinions of the BIA have no precedential value." *Ajdin v. Bureau of Citizenship & Immigr. Servs.*, 437 F.3d 261, 264–65 (2d Cir. 2006); *see also Paucar v. Garland*, 84 F.4th 71, 84 (2d Cir. 2023) ("[I]n this Circuit, unpublished BIA decisions generally do not have precedential value."). We therefore remain unpersuaded that the BIA abused its discretion in denying Lopez's motion to reopen.

7

### III.    Request to Re-Brief

Finally, Lopez requests – for the first time on appeal – permission to re-brief his case in light of the Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, 144 S.Ct. 2244 (2024), overruling *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984).   But Lopez nowhere explains how the overruling of *Chevron* might affect the meaning of "exceptional and extremely unusual hardship" in connection with a proposed cancellation of removal.   Lopez even concedes that he is not aware of any case in which we have afforded *Chevron* deference to the agency's interpretation of this statutory language.   Because we have made clear that "[i]ssues not sufficiently argued in the briefs are considered [forfeited] and normally will not be addressed on appeal," *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *see* Fed. R. App. P. 28(a)(8) (requiring appellant's brief to contain an argument with appellant's contentions and the reasons for them), we decline Lopez's request to re-brief his petition now.

\*       \*       \*

We have considered Lopez's remaining arguments and find them to be without merit.    Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
